ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIX STOVALL, et al., | ) | CASE NO. 5:07CV2420 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEER MEADOW PHASE I & II | ) | AND ORDER |
| HOME OWNERS' ASSOCIATION, et al., | ) | [RESOLVING DOCS. 70 and 82] |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JEAN UTZ, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

This matter comes before the Court on Third-Party Plaintiff Jean Utz's motion seeking summary judgment pursuant to Fed. R. Civ. P. 56(a) (Doc. 70) and Third-Party Defendant State Farm Fire and Casualty Company's cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56(b) (Doc 82). The Court has been advised, having reviewed the motions, pleadings, responses, replies, surreplies, and applicable law. For the reasons stated below, it is determined that the Third-Party Plaintiff's motion is DENIED and the Third-Party Defendant's cross-motion is GRANTED.

**I.**

Plaintiffs Phyllix and Ray Stovall ("the Stovalls") brought this action on August 8, 2007, against Jean Utz ("Utz"), Deer Meadows Phase I & II Homeowners Association, Inc. ("Deer Meadow") and Continental Management Company asserting four counts of discrimination in violation of the Federal and Ohio Fair Housing Acts.  Utz owns the property adjoining the Stovalls.  Deer Meadow is the home owners association for both Utz and the Stovalls.

The Stovalls claim that Utz deliberately discriminated against them by creating a hostile housing environment and retaliated against them in violation of their rights under the Fair Housing Acts.  The Stovalls allege that Utz made offensive gestures to them, declined to assist a black child at the school where Utz works, and spoke out against them at a zoning meeting, all because of their race.

Deer Meadow, not Utz, has a condominium association insurance policy with State Farm Fire and Casualty Company ("State Farm").  After the Stovalls filed the case at bar, Deer Meadow and Utz sent notice of the action to State Farm asking State Farm to defend and indemnify them against the claims alleged against them by the Stovalls.  State Farm denied coverage because the allegations made by the Stovalls either did not fall within the policy or fell into one of the policy exceptions.  Subsequently, Utz, not Dear Meadow, filed a third-party complaint against State Farm to enforce the policy and collect damages.  *See* Doc. 45.  However, Utz's relation to Deer Meadow is only as a homeowner member and through her service as a volunteer on one of its committees.  After Utz filed the third-party complaint, Utz settled with the Stovalls.  However, the third-party complaint by Utz against State Farm remains pending.

Now, both Utz and State Farm have filed for summary judgment on the claims set forth in the third-party complaint.

Dear Meadow's policy has two sections relevant to this case, a Business Liability section and a Directors and Officers section.  The Business Liability section generally covers the organization, its employees, and agents.  It also covers the individual unit owners, but only for liability arising out of the ownership, maintenance, or repair of the commonly owned areas.  The Directors and Officers policy applies to Utz as an insured due to her membership on a committee.  The section covers liability from the "**wrongful acts** committed by an insured solely in the conduct of their management responsibilities. . . ."  Doc. 82, Ex. 1 at 24 (emphasis in original).  The policy defines wrongful acts as "any negligent acts, errors, omissions or breach of duty directly related to the operations of the Condominium/Association."  *Id.*  The policy also specifically excludes coverage for "violation[s] of any federal or state civil rights law or local ordinance, including but not limited to discrimination on account of race, religion, sex, or age."  *Id.*

## II.

Summary judgment is appropriately granted when

> . . . the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . .

Fed. R. Civ. P. 56(c).  *See also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).

The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and

admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. Under Fed. R. Civ. P. 56(e)(2),

> . . . an opposing party may not rely merely on allegations or denials in its own pleading; rather, it's response must--by affidavits or as otherwise provided in this rule--set out *specific facts* showing a genuine issue for trial (emphasis added).

The non-moving party must, in order to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing the motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Assn., Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine" the Court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*,

916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.* at 252.

The Court must apply a different standard when deciding whether an insurer has a duty to defend or a duty to reimburse. *Sherwin-Williams Co. v. Certain Underwriters at Lloyd's London*, 813 F.Supp. 576, 582 (N.D. Ohio 1993). In deciding whether a claim against an insured creates a duty to defend, the Court uses a scope of the allegations test. *Id.* Under this test, the question is whether the plaintiff's complaint alleges or potentially alleges conduct that falls within the policy. *Id.* (citing *Preferred Mutual Ins. Co. v. Thompson*, 23 Ohio St.3d 78, 80 (1986); *Grand River Lime Co. v. Ohio Cas. Ins. Co.*, 32 Ohio App.2d 178, 183 (1972)). On the other hand, the insurer has a duty to reimburse if any relief is granted against the insured on grounds that are covered by the policy, regardless of whether those grounds were alleged in the pleadings. *Id.* at 582-83.

### III.

The case before the Court involves no material factual disputes. The only question to be decided in the third-party complaint is whether State Farm is required to defend Utz or reimburse her for the settlement amount. The only facts required to make that determination are the claims made by the Stovalls in their complaint and the terms of Deer Meadow's insurance policy with State Farm. None of those facts are disputed.[1] The only dispute is regarding the interpretation of

---

[1] It is irrelevant that Utz disputes the Stovall's factual contentions. For purposes of determining the insurance policy's coverage, we should assume that whatever the plaintiff alleges is true because the relevant question should be whether the insurance company will be obligated to pay if the plaintiffs can prove their allegations. *Sherwin-Williams*, 813 F.Supp. at 582.

5

the policy, which can be determined as a matter of law. *See id.* Thus, this case can be appropriately decided on summary judgment.

As previously stated, the insurance policy in question has two relevant parts, a Business Liability section and a Directors and Officers Liability section. Under the Business Liability section the issue is whether Utz is an insured, and thus covered by the policy at all. The Business Liability section contains its own definition of an insured which both Utz and State Farm agree does not include Utz. Utz argues that State Farm should be estopped from arguing that Utz is not an insured because State Farm did not argue this point earlier. However, Utz was not able to cite any support for this proposition. In fact the only case Utz cites, *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657 (1992), stands for the proposition that waiver and estoppel are not available to vary the terms of a policy. There are no extraordinary circumstances present here to justify an exception to that rule. Furthermore, State Farm did in fact raise the issue in its Answer to Utz's Third-Party Complaint. *See* Doc. 62. Therefore, because it is undisputed that Utz is not an insured, she is not covered by the Business Liability section of the policy.

On the other hand, State Farm and Utz agree that Utz is an insured under the Directors and Officers section of the policy. Thus, the issue of whether State Farm had a duty defend depends on the allegations made or potentially made in the complaint. *See Sherwin-Williams*, 813 F.Supp. at 582. In this case, the Directors and Officers section specifically excludes coverage for "violation[s] of any federal or state civil rights law or local ordinance, including but not limited to discrimination on account of race, religion, sex, or age." Doc. 82, Ex. 1 at 24. The only claims made by the Stovalls are four violations of the Federal and Ohio Fair Housing Acts.

6

Those Acts are indisputably civil rights laws and thus the claims actually made by the Stovalls are clearly excluded from the policy coverage.

The next argument available to Utz is that the Stovalls could have potentially claimed defamation, slander, or some other tort covered by the policy based on the facts alleged in the complaint. However, this argument too must fail because Utz has settled with the Stovalls based solely on the claims alleged. *See* Stipulations for Voluntary Dismissal. Because the case has settled, it is now irrelevant that the Stovalls could have possibly made claims that would have been covered by the insurance policy. The claims that were made and settled are excluded from the Directors and Officers section. This fact also precludes any determination that Utz is entitled to reimbursement. No duty to reimburse has arisen because the Stovalls never made a covered claim prior to settlement. Thus, it would be impossible to find that the relief against Utz was on grounds covered by the policy.

**IV.**

For all the foregoing reasons, Third-Party Plaintiff's Motion for Summary Judgment (Doc. 70) is DENIED, and Third-Party Defendant's Cross-Motion for Summary Judgment (Doc. 82) is GRANTED.

IT IS SO ORDERED.

| December 8, 2008 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |